**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| RBM, INC. d/b/a SHAWNEE MISSION KIA, )<br>)<br>v.  )<br>)<br>KIA MOTORS AMERICA, INC.,  )<br>)<br>v.  )<br>)<br>GROUP 1 AUTOMOTIVE, INC. and  )<br>GPI KS-SK, INC.  ) | Case No. 12-cv-2175-EFM/JPO |

**JOINT STIPULATED PROTECTIVE ORDER**

Upon Stipulation of the parties, and for good cause, the Court finds that a Protective Order should be entered to protect confidential documents and commercial information which may be made available to the Court or in the course of discovery in this case.  The information which may be made available to the Court or in the course of discovery includes but is not limited to non-public business forecasts, reports, designs, plans, procedures, practices, policies, communications, and analyses relating to automobile dealerships and franchises; customer and personnel information; and information concerning trademarks, trade dress, and other intellectual property relating to automobile dealerships and franchises.  Releasing this information to the parties' competitors, or permitting the parties to use this information for purposes other than this lawsuit, poses a substantial risk of harming the parties' competitive position in the marketplace, interfering with the parties' business operations, or invading the privacy rights of the parties' customers and employees.  Accordingly, is hereby ordered that the following principles and procedures will govern any and all discovery:

1. **<u>Definitions</u>**.

 (a) The term "action" means *RBM, Inc. d/b/a/ Shawnee Mission Kia v. Kia Motors America, Inc.*, No. 2:12-cv-02175-EFM-JPO, pending in the United States District Court for the District of Kansas.

 (b) The term "administrative actions" means the proceedings relating to the complaints filed by RBM, Inc. d/b/a Shawnee Mission Kia against Kia Motors America, Inc. before the Kansas Department of Revenue, Division of Vehicles, including *RBM, Inc. d/b/a Shawnee Mission Kia v. Kia Motors America, Inc.*, OAH No. 12KR0001 DF.

 (c) The term "competitor(s)" means persons or entities endeavoring to engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, as well as any persons or entities who are actually engaged in any of these activities.

 (d) The term "Confidential Discovery Material" means any Discovery Material that has been designated "Confidential" or "Confidential Attorneys Eyes Only."

 (e) The term "disclose" or "disclosure" means to show, give, make available, or communicate in any fashion to any person any Discovery Material or any portion of Discovery Material.

 (f) The term "Discovery Material" means all documents, depositions, interrogatory responses, responses to requests for admissions, affidavits, exhibits, pleadings, briefs, memoranda, transcripts, testimony, and any other information produced, given, submitted to the Court, or exchanged by and among the parties and any non-parties to this litigation. Discovery Material includes, but is not limited to, Confidential Discovery Material.

(g) The term "document" has the widest meaning accorded to it under the Federal Rules of Civil Procedure and the case law construing it.

(h) The term "party" means any party to this action.

(i) The term "person" means any natural person, corporation, partnership, sole proprietorship, group, association, organization, business entity, governmental body, or agency.

(j) The term "Producing Person" means any person who produces or supplies any Discovery Material, and any person who generated, has rights in, or has an interest in any Discovery Material.

(k) The term "Protective Order" means this Joint Stipulated Protective Order. This Protective Order governs the handling of all Discovery Material, whether such Discovery Material was produced or submitted to the Court prior to or after the entry of this Protective Order.

(l) The term "Receiving Person" means any person to whom Discovery Material is disclosed by a Producing Person in response to any discovery method.

2. **Description of "Confidential" and "Confidential Attorneys Eyes Only".** A Producing Person may designate as "Confidential" any Discovery Material that the Producing Person believes in good faith to contain trade secrets, confidential or proprietary business or commercial information, or other information of a personal or non-public nature (whether of the Producing Person or a third party). Such Discovery Material may include but is not limited to non-public business forecasts, reports, designs, plans, procedures, practices, policies, communications, and analyses relating to automobile dealerships and franchises; customer and

personnel information; and information concerning trademarks, trade dress, and other intellectual property relating to automobile dealerships and franchises.  Information that is the subject of a non-disclosure or confidentiality agreement entered into by the Producing Person qualifies as "Confidential."  A Producing Person may designate as "Confidential Attorneys Eyes Only" any Discovery Material that the Producing Person believes in good faith meets the criteria for being designated as "Confidential," is extremely sensitive, and may jeopardize or compromise the Producing Person's or third party interests if disclosed, even if the disclosure is limited by the restrictions placed on "Confidential" Discovery Materials.

   3. **No use for other purposes**.  All Confidential Discovery Material, and all information contained therein, will be used only for the purpose of conducting this action, including any appellate proceedings, and not for any other purpose.  Confidential Discovery Material will not be used for any other purpose, including without limitation any business or commercial purpose, and including without limitation any communications with any person who is not authorized to receive Confidential Discovery Material under this Protective Order.  Confidential Discovery Material may, however, be used in the administrative actions if a protective order similar to this Protective Order is entered in the administrative actions to govern and protect Confidential Discovery Material.

   4. **Procedure for designation**.  Discovery Material may be designated as "Confidential" or "Confidential Attorneys Eyes Only" as follows:

   (a) In the case of documents or other materials (apart from depositions or other pretrial testimony), designation will be made by the Producing Person by including the word(s) "Confidential" or "Confidential Attorneys Eyes Only" on each page containing any

Confidential information, except that in the case of multi-page documents bound together by a staple or other binding, the word(s) "Confidential" or "Confidential Attorneys Eyes Only" need only be stamped on the first page of the document for the entire document to be treated as Confidential Discovery Material.  In the case of electronically stored or other information not readily subject to page marking, designation will be made in writing by the Producing Person at or around the time of the disclosure that such information is "Confidential" or "Confidential Attorneys Eyes Only."  In the event that any such information is thereafter printed out in hard-copy by the Receiving Person, the Receiving Person will affix on each page a label with the "Confidential" or "Confidential Attorneys Eyes Only" designation made by the Producing Person.

    (b) In the event a Producing Person elects to produce a large volume of documents or information for inspection or review, to facilitate prompt discovery, no designations of "Confidential" or "Confidential Attorneys Eyes Only" need be made in advance of the inspection or review.  Instead, all documents or information will be treated as "Confidential Attorneys Eyes Only."  Thereafter, upon selection of specified documents or information by the Receiving Person for copying or production, the Producing Person will mark the copies of such documents or information as "Confidential" or "Confidential Attorneys Eyes Only" in accordance with this Protective Order.

    (c) Notwithstanding the foregoing, a failure to designate documents or information at the time of production or disclosure as "Confidential" or "Confidential Attorneys Eyes Only" does not constitute a waiver of such a claim.  A Producing Person may designate documents or information as "Confidential" or "Confidential Attorneys Eyes Only" before or

after the documents or information have been produced by providing written notice of the designation.  Upon receipt of such notice, the Receiving Person will treat such documents or information as "Confidential" or "Confidential Attorneys Eyes Only"  as if they had been initially so designated.  The Receiving Person will make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other materials containing such newly designated information are treated as containing Confidential Discovery Material.

(d) In the case of depositions or other testimony (including exhibits), designation will be made by (1) a statement on the record by counsel for the Producing Person at or around the time the testimony is provided; or (2) written notice sent by counsel for the Producing Person to all parties within 30 days of receiving a copy of the transcript of such testimony.  To enable Producing Person to make designations, all deposition testimony in this action will be treated as "Confidential" until the end of the 30th day after the parties and the deponent receive a transcript of the deposition, unless the testimony is designated "Attorneys Eyes Only" at the deposition.  Whenever Confidential Discovery Material is to be discussed in a deposition, the Producing Person may have excluded from the deposition (for the duration of the discussion about the Confidential Discovery Material) any person who is not entitled under this Protective Order to receive such Confidential Discovery Material.

5. **Procedure for designation disputes**.  If at any time a party objects to a designation of documents or information as "Confidential" or "Confidential Attorneys Eyes Only," the objecting party will make good faith, reasonable best efforts to confer about the challenged designation.  After such efforts to confer have been made, the objecting party may move the Court to vacate or modify the designation of the documents or information as

"Confidential" or "Confidential Attorneys Eyes Only."  Documents or information designated as "Confidential" or "Confidential Attorneys Eyes Only" will be treated as such by each Receiving Person until the Court rules otherwise, including during the period in which any motion to vacate or modify a designation is pending.  Nothing in this paragraph is intended to shift the burden of establishing the propriety of a "Confidential" or "Confidential Attorneys Eyes Only" designation.

6. **Authorized disclosure – Confidential**.  Discovery Material that has been designated as "Confidential," or information derived therefrom, may be disclosed, summarized, described, characterized, or otherwise communicated or made available only to the following persons:

(a) Persons named as plaintiffs or defendants in this action, along with their respective employees, officers, and directors.

(b) In-house and outside counsel for the parties in this action, and regular and temporary employees and contractors of such counsel having actual need for access to assist in the conduct of the litigation.

(c) Experts or consultants retained by the parties or the parties' counsel solely for the purpose of assisting in prosecuting or defending this action.  Confidential Discovery Material may be provided to and used by such experts or consultants only to the extent necessary for the experts or consultants to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of this action.  Such experts or consultants will be provided with an agreement to abide by the terms of this Protective Order attached hereto as Exhibit A.  Before providing experts or consultants with confidential information, counsel shall obtain a signed copy of Exhibit A, and shall retain a signed copy of the agreement in the appropriate file.  The

provisions of this paragraph also apply to any employees or support staff who, as part of their employment with experts or consultants, assist in the prosecution or defense of this action. Under no circumstances will an expert or consultant who is a competitor or an employee of a competitor of a party, or who provides consulting, expert, or other advisory services to a competitor of a party, be provided access to Confidential Discovery Material absent further order of the Court.

        (d)      Authors, drafters, addressees, and other persons who properly received the Confidential Discovery Material prior to the commencement of this action.

        (e)      Stenographers, videographers, or other court reporters engaged to transcribe or record depositions.

        (f)      The Court, court personnel, and members of any jury.

        (g)      The presiding officer or administrative law judge in the administrative actions, subject to the requirements and restrictions set forth above in Paragraph 3.

        (h)      Any other person upon order of the Court or upon stipulation of the Producing Person.

        7.      **<u>Authorized disclosure – Confidential Attorneys Eyes Only</u>**.  Discovery Material that has been designated as "Confidential Attorneys Eyes Only," or information derived therefrom, may be disclosed, summarized, described, characterized, or otherwise communicated or made available only to the following persons:

        (a)      In-house and outside counsel for the parties in this action, and regular and temporary employees and contractors of such counsel having actual need for access to assist in the conduct of the litigation.

(b) Experts or consultants retained by the parties or the parties' counsel solely for the purpose of assisting in prosecuting or defending this action.  Confidential Discovery Material may be provided to and used by such experts or consultants only to the extent necessary for the experts or consultants to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of this litigation.  Such experts or consultants will be provided with an agreement to abide by the terms of this Protective Order attached hereto as Exhibit A.  Before providing experts or consultants with confidential information, counsel shall obtain a signed copy of Exhibit A, and shall retain a signed copy of the agreement in the appropriate file.  The provisions of this paragraph also apply to any employees or support staff who, as part of their employment with experts or consultants, assist in the prosecution or defense of this litigation.  Under no circumstances will an expert or consultant who is a competitor or an employee of a competitor of a party, or who provides consulting, expert, or other advisory services to a competitor of a party, be provided access to Confidential Discovery Material absent further order of the Court.

(c) Authors, drafters, addressees, and other persons who properly received the Confidential Discovery material prior to the commencement of this action.

(d) Stenographers, videographers, or other court reporters engaged to transcribe or record depositions.

(e) The Court, court personnel, and members of any jury.

(f) The presiding officer or administrative law judge in the administrative actions, subject to the requirements and restrictions set forth above in Paragraph 3.

12-2175-EFM-PO.docx

<s>

</s>

<s>
(g)     Any other person upon order of the Court or upon stipulation of the Producing Person.
</s>

8.     **No unauthorized disclosure**.  No Receiving Person will reveal Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material under the terms of this Protective Order.  In the event that Confidential Discovery Material is disclosed by a Receiving Person to any person other than in the manner authorized by this Protective Order, the Receiving Person responsible for the disclosure will immediately inform the Producing Person of all pertinent facts relating to the disclosure, including the name, address, and employer of each person to whom the disclosure was made.  The Receiving Person responsible for the disclosure will also make reasonable efforts to prevent disclosure of Confidential Discovery Material by each unauthorized person who receives such Confidential Discovery Material.

9.     **Maintenance of Confidential Discovery Material**.  A Receiving Person will maintain Confidential Discovery Material in a secure place that is reasonably inaccessible to anyone other than those persons authorized under this Protective Order to receive such Confidential Discovery Material.

10.     **Producing Person's and independently-obtained material**.  Nothing in this Protective Order will prevent a Producing Person from using or disclosing its own Confidential Discovery Material for any purpose.  Such use or disclosure will not affect any designation of documents or information as "Confidential" or "Confidential Attorneys Eyes Only."  Nothing in this Protective Order will impose any restrictions on the use or disclosure by a Receiving Person

of Confidential Discovery Material that was obtained lawfully by such Receiving Person independently of the discovery proceedings in this action.

11. **Filing under seal**.  Each party agrees that any document(s) submitted to the Court that quotes, refers to, attaches, or otherwise includes the contents of any Confidential Discovery Material (including but not limited to a brief or a memorandum) shall be filed with a motion seeking leave to file the document(s) under seal, in accordance with D. Kan. Rule 5.4.6.  If served upon all parties with full copies of the document(s) sought to be submitted under seal attached, the date on which such a motion is filed shall also constitute the date of filing of the attached document(s) for purposes of meeting any filing deadlines.  All Confidential Discovery Material filed with the Court will be kept under seal until further order of the Court.

12. **No waiver of privilege through inadvertent production**.  The inadvertent production of any Discovery Material will be without prejudice to, will not constitute a waiver of, and will not constitute estoppel as to any claim that such Discovery Material is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or ground for withholding production.  Upon written notice by the Producing Person of an inadvertent production of Discovery Material containing privileged information, each Receiving Person will make no further use of such Discovery Material, will have ten days to return the Discovery Material and all copies thereof to the Producing Person, and will have ten days to destroy or delete all records of the contents of such Discovery Material.  A Receiving Person returning such Discovery Material to a Producing Person may then move the Court for an order compelling the production of the Discovery Material, but the motion will not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

13. **No admissions or prejudice to other rights**.  Entering into, agreeing to, and/or producing or receiving Discovery Material, or otherwise complying with the terms of this Protective Order, will not:

(a) operate as an admission by any party that any particular Confidential Discovery Material contains or reflects (or does not contain or reflect) trade secrets or any other type of confidential information;

(b) prejudice in any way the rights of the parties to object to discovery that the parties believe to be otherwise improper, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

(c) prejudice in any way the rights of any party to object to the relevance, authenticity, use, or admissibility of any document, testimony, or other evidence subject to this Protective Order;

(d) prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material should be subject to the terms of this Protective Order, to petition the Court to modify or amend this Protective Order, or to petition the Court for a further or different protective order; or

(e) prevent the parties from agreeing in writing to alter or waive the provisions in or protections of this Protective Order with respect to any particular Discovery Material, subject to any required approval from the Court.

14. **Other document subpoenas or demands**.  If any Receiving Person is subpoenaed in another action or proceeding or is served with a document demand or compulsory

process, including by a governmental agency, and such subpoena or document request seeks Discovery Material which was designated as "Confidential" or "Confidential Attorneys Eyes Only" by someone other than the Receiving Person, the Receiving Person will (a) within two business days advise all counsel by hand, facsimile transmission, or electronic mail transmission of the subpoena or demand by a written notice that includes a copy of the request; (b) object to the production of such Confidential Discovery Material on the grounds of the existence of the Protective Order, and otherwise cooperate to the extent necessary to permit the Producing Person to seek to quash or modify the subpoena or demand; and (c) not disclose Confidential Discovery Material until the Producing Person consents in writing or the Receiving Person is required by Court order to disclose or produce such Confidential Discovery Material.

15. **Return or destruction of Confidential Discovery Material**.  Within 30 days after receiving notice of the entry of an order, judgment, or decree finally disposing of all litigation in which Confidential Discovery Material is permitted to be used, including the exhaustion of all permissible appeals, all persons having received Confidential Discovery Material will either make a good faith effort to return such Confidential Discovery Material and all copies thereof to counsel for each Producing Person, or destroy all such Confidential Discovery Material and certify that fact to counsel for each Producing Person within seven days of destruction.  Notwithstanding the foregoing, outside counsel for the parties will be entitled to retain court papers, deposition and trial transcripts and exhibits, and attorney work product, all of which may contain Confidential Discovery Material, provided that such outside counsel and the employees of such outside counsel will not use or disclose any materials so retained except pursuant to Court order or agreement with the party that produced the Confidential Discovery

Material.  All materials returned to the parties or their counsel by the Court likewise will be disposed of in accordance with this paragraph.

16. **Trial**.  In the event that any Confidential Discovery Material is used in any public hearing, trial, or other proceeding in this action, such material will not lose its status as Confidential Discovery Material through such use.  The parties will cooperate to attempt to reach agreements, subject to the approval of the Court, regarding the use of Confidential Discovery Material at any hearing, trial, or other proceeding that is open to the public.

17. **Appeal**.  In the event that any party appeals from any decision of the trial court in this action, the parties will, if necessary, file a joint application to the appropriate appellate court to maintain under seal the documents filed with the trial court which contain or disclose Confidential Discovery Material.  In the event that any party decides not to appeal, such party may petition for continued sealing of documents filed with the trial court which contain or disclose Confidential Discovery Material.  The provisions of this paragraph may be waived only with the written consent of the Producing Person.

18. **Remedies or sanctions for violation**.  In the event that any person violates or threatens to violate the terms of this Protective Order, the aggrieved Producing Person may apply to obtain injunctive relief against any such person, along with any other available remedies.  All persons bound by this Protective Order understand that a person who violates the Protective Order may be subject to sanctions as the Court, on motion and after a hearing, deems just.

19. **Duration**.  The provisions of this Protective Order, absent written permission of the Producing Person or further order of the Court, will continue to be binding throughout and

after the conclusion of this action.  Any party may seek leave to reopen the case to enforce the Protective Order after the action is terminated.

20. **Binding effect**.  The parties agree to be bound by, and are entitled to rely upon, the terms of this Protective Order once it has been signed by the parties' counsel, whether or not the Protective Order has been signed or entered by the Court.

21. **Non-parties**.  The parties to this action agree that the production of any Discovery Material by any non-party to the action will be subject to and governed by the terms of this Protective Order, provided that the non-party agrees in writing to be bound by the terms of the Protective Order.  In addition, each party may designate as "Confidential" any Discovery Material produced by a third party which relates to that party and which that party believes in good faith to contain trade secrets, confidential or proprietary business or commercial information, or other information of a personal or non-public nature.

22. **Headings.**  The headings in this Protective Order have been inserted for convenience of reference only and do not in any way restrict the terms or language of the Protective Order.

IT IS SO ORDERED.

Dated December 10, 2012, at Kansas City, Kansas.

                                                s/ James P. O'Hara
                                                James P. O'Hara
                                                U. S. Magistrate Judge

**Case & Roberts, PC**

 /s/ Kevin D. Case
Kevin D. Case
Patric S. Linden
Two Pershing Square
2600 Grand Boulevard, Suite 300
Kansas City, MO 64108
Telephone:  816-979-1500
Facsimile:  816-979-1501
kevin.case@caseroberts.com
patric.linden@caseroberts.com
Counsel for RBM, Inc.

**Berkowitz Oliver Williams Shaw & Eisenbrandt**

 /s/ Kurt D. Williams
Kurt D. Williams
Tim J. Riemann
2600 Grand Boulevard, Suite 1200
Kansas City, MO 64108
Telephone:  816-561-7007
Facsimile:  816-561-1888
kwilliams@berkowitzoliver.com
triemann@berkowitzoliver.com

John J. Sullivan
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
Telephone:  212-918-3612
Facsimile:  212-918-3100
John.sullivan@hoganlovells.com
Counsel for Kia Motors America, Inc.

**Stinson Morrison Hecker LLP**

/s/ Daniel D. Crabtree
Daniel D. Crabtree
Russell J. Keller
1201 Walnut, Suite 2900
Kansas City, Missouri 64106
Telephone:  816-842-8600
Facsimile:  816-412-1085

        dcrabtree@stinson.com
        rkeller@stinson.com
        Counsel for Group 1 Automotive, Inc. and GPI-SK-Inc.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RBM, INC. d/b/a SHAWNEE MISSION KIA, ) | |
| ) | |
| v. ) | |
| ) | |
| KIA MOTORS AMERICA, INC., ) | Case No. 12-cv-2175-EFM/JPO |
| ) | |
| v. ) | |
| ) | |
| GROUP 1 AUTOMOTIVE, INC. and ) | |
| GPI KS-SK, INC. ) | |

I, _____, have read and understand the Joint Stipulated Protective Order ("Protective Order") in this case. I agree to be fully bound by and to comply with all of the terms of the Protective Order. I submit to the jurisdiction of the United States District Court for the District of Kansas for purposes of enforcement of the Protective Order. I understand that Confidential Discovery Material has been or will be provided to me pursuant to the Protective Order. I agree to keep Confidential Discovery Material in confidence and not to disclose it to any person who is not authorized to receive Confidential Discovery Material under the Protective Order. I declare under penalty of perjury that the foregoing statements are true and accurate.

Dated: _____

Signature: _____